# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF VIRGINIA
# NEWPORT NEWS DIVISION

| | |
|---|---|
| In the Matter of:<br><br>THEODORE L. HUFFAR and CAROL A. MANN, OWNERS of S/V MOONSTONE, a 39' 1981 Hans Christian Model 39 Pilot House, HIN # XSA004031181, Official # 937658, her engine, tackle, apparel, appurtenances, etc.<br><br>For Exoneration from<br>or Limitation of Liability | **IN ADMIRALTY**<br><br>**CIVIL ACTION NO.** |

## COMPLAINT FOR EXONERATION FROM AND/OR LIMITATION OF LIABILITY

Theodore L. Huffar and Carol A. Mann ("Limitation Plaintiffs") as Owners of S/V MOONSTONE, a 39' 1981 Hans Christian Model 39 Pilot House, HIN # XSA004031181, Official# 937658, her engine, tackle, apparel, appurtenances, etc., and seek exoneration from or limitation of liability, civil and maritime, pursuant to 46 U.S.C. § 30501, *et. seq.*, Rule F of the Federal Rules of Civil Procedure, Supplemental Rules for Admiralty or Maritime Claims and as otherwise may be allowed by law and allege the following:

### Jurisdiction and Venue

1.   This is a case of admiralty and maritime jurisdiction over which the Court has subject matter jurisdiction pursuant to Title 28, Section 1333(1) of the United States Code. This Court's admiralty and maritime jurisdiction is invoked pursuant to Rule 9(h) of the Federal Rules of Civil Procedure. Venue is proper in this Court pursuant to Supplemental Admiralty Rule F(9) in that the Limitation Plaintiffs' Vessel (as defined below) at issue is located within this District.

**Limitation Plaintiffs and the Vessel**

2. At all material times, Limitation Plaintiffs were and are residents of Spokane, Spokane County, Washington.

3. At all pertinent times, Limitation Plaintiffs were and are the registered owners of S/V MOONSTONE, a sailing vessel of fiberglass construction, a 39' 1981 Hans Christian Model Pilot House, HIN # XSA004031181, USCG # 937658, her engine a 75 hp Yanmar, tackle, apparel, appurtenances, etc. ("Vessel").

4. The Vessel is currently located within this District in Mathews, Mathews County, Virginia.

**The Incident**

5. On October 4-5, 2018, the Vessel sailed from Charleston, South Carolina towards Southport, North Carolina upon the waters of the Atlantic Ocean and Cape Fear River, navigable bodies of water which are subject to the maritime and admiralty laws of the United States ("Voyage").

6. On October 5, 2018, at approximately 4:30 a.m. EST, the Vessel was traveling at or near the Cape Fear River basin of or near the Atlantic Ocean approximately 2.9 miles east of the Southport Marina in Southport, North Carolina.

7. At about that same time, another vessel, a 22' Pioneer Model Islander, HIN #FY2239012718, her engine, tackle, apparel, appurtenances, etc., owned by Scott Berg ("Berg Vessel") was leaving Southport, North Carolina to go into the Atlantic Ocean for a recreational fishing trip and entered the same area as the Vessel.

8. Upon information and belief, the Berg Vessel was being operated by Scott Berg.

9. Upon information and belief, Zachary Berg was a passenger on the Berg Vessel.

10. Immediately prior to the Incident, the Vessel was seaworthy, her occupants were obeying all applicable rules and they were operating in all respects in a reasonable and safe manner.

11. Upon information and belief, immediately prior to the Incident, the Berg Vessel was traveling at a speed greater than that which would be reasonable for the conditions at the time and the location.

12. Upon information and belief, the occupants of the Berg vessel were distracted and/or failed to keep a proper lookout.

13. At approximately 4:30 a.m. EST, suddenly and without warning, as a direct and proximate result of the aforementioned misconduct aboard and by the Berg Vessel (and such other as may be shown at the trial of this matter), the Berg Vessel collided with the Vessel (the "Incident").

14. Following the Incident, the Vessel traveled to the Southport Marina, located at or about 606 W West St, Southport, NC 28461 where the Voyage ended.

15. At a later date, the Vessel was taken to her current location within this District for repairs.

16. Upon information and belief, persons (including but not necessarily limited to Scott Berg and Zachary Berg) may have been physically injured as a result of the Incident.

17. Upon information and belief, the Berg Vessel may have sustained property damage as a result of the Incident.

18. Upon information and belief, no alleged claim or potential claim of anyone nor any alleged injury to anyone aboard the Berg vessel or otherwise was caused or contributed to by any fault or negligence on the part of the Limitation Plaintiffs, the Vessel, or anyone for whom the Limitation Plaintiffs may be responsible.  If there is any fault or negligence on the part of the

Limitation Plaintiffs, the Vessel, or anyone for whom the Limitation Plaintiffs may be responsible, which is expressly denied, then said negligence may be imputed to any claimants or third parties and / or may comparatively reduce the proportion of negligence or corresponding liability of Limitation Plaintiffs.

19. Upon information and belief, any alleged injury to Scott Berg, Zachary Berg, and/or other casualty or potential claim arising out of the Voyage or Incident was occasioned or incurred without the privity or knowledge of the Limitation Plaintiffs.

20. Upon information and belief, the Incident, and any alleged injuries or damages occurring therefrom, were occasioned and incurred as a result of some excusable cause, including but not limited to marine peril, act of God, and/or fault of another/others.

21. The Limitation Plaintiffs invoke the benefits of the Limitation of Shipowners' Liability Act, 46 U.S.C.A. § 30501, et. seq., and Rule F of the Federal Rules of Civil Procedure, Supplemental Rules for Certain Admiralty and Maritime Claims. Limitation Plaintiffs also hereby claim the benefits of all statutes and acts of the Congress of the United States, whether named herein or not, granting or providing for exoneration from or limitation of liability to vessel owners. In this regard, the Limitation Plaintiffs will show that neither they nor the Vessel are liable to any extent, and that they are each entitled to exoneration from liability for all losses, damages, or injury occasioned by reason of the matters aforesaid. Alternatively, and without admitting liability, the Limitation Plaintiffs will show that, in the event they are found liable to any parties by reason of the Incident described herein, the Limitation Plaintiffs are entitled to limit their liability to the value of the Vessel immediately after the Incident.

22. The Limitation Plaintiffs used diligence to ensure that the Vessel was seaworthy and at the commencement of and during the Voyage she was tight, staunch, strong, fully equipped and supplied, seaworthy and fit for the service in which she was engaged.

23. The Limitation Plaintiffs have knowledge of personal injury related claims against them arising out of the Incident by Scott Berg and Zachary Berg, and of a property damage related claim against them arising out of the Incident by Progressive Insurance Company, and although other claims are possible, Limitation Plaintiffs are informed and believe that, insofar as can be determined, no other demands or claims of liens in contract, tort, marine salvage or otherwise relating to the Voyage in question have yet been made.

24. The value of the Limitation Plaintiffs' interest in the Vessel at the end of the Voyage did not exceed $30,000.00, as further evidenced by the *Affidavit of Marine Surveyor, Peter Eaves* and accompanying report, which is attached as **Exhibit 1**.

25. The amount of the claims against the Limitation Plaintiffs and the Vessel is expected to exceed the value of the Limitation Plaintiffs' interest in the Vessel, including pending hire.

26. Upon information and belief, this Complaint is filed not later than six (6) months after receipt of a claim in writing.

27. Venue for this Complaint lies within this District; the Vessel has not been arrested; the Limitation Plaintiffs have not been sued (to their knowledge) with respect to any claim relating to the Voyage and/or Incident; and the Vessel is currently located within this District, particularly she is currently located in Mathews, Virginia.

28.  Subject to an appraisal of the Limitation Plaintiffs' interest on a reference, an *ad interim* stipulation and undertakings are offered for value of the Vessel, as filed commensurate herewith.

29.  Limitation Plaintiffs invoke admiralty and maritime law and jurisdiction and further seek exoneration from or limitation of liability for any and all claims arising out of the Voyage and/or Incident.

**WHEREFORE**, the Limitation Plaintiffs pray that this Honorable Court will:

a.  Enter an Order accepting the Limitation Plaintiffs' *ad interim* stipulation and undertakings as approved security for such estimated value of Limitation Plaintiffs' interest in the Vessel and thereupon release the Vessel from any and all liability in the premises, said *ad interim* stipulation and undertaking to be continued in force and effect until the value of Limitation Plaintiffs' interest in the Vessel might be more fully determined, if requested, in which event Limitation Plaintiffs shall, thereupon, either pay the additional amount into Court or issue such additional proper bond, approved security, or stipulation sufficient to fully cover such appraisal

b.  Issue a notice to any and all persons, firms or corporations claiming damages or losses for or in connection with the Voyage and/or Incident, citing and admonishing them to answer the allegations of this Complaint in accordance with the law and practice of this Honorable Court, or otherwise, as and when ordered by the Court;

c.  Except in these proceedings for exoneration from or limitation of liability, issue an injunction enjoining and restraining any and all person or persons, firms, or corporations claiming damages or losses resulting from the aforesaid Voyage

        and/or Incident from prosecuting or attempting to prosecute other proceedings upon their claims against the Limitation Plaintiffs, and also, except in this proceeding, enjoining and restraining any and all person or persons, firms or corporations from commencing or prosecuting any claim or claims, suit or suits, action or actions, or other proceedings of any nature or description against Limitation Plaintiffs whatsoever for or in connection with or on account of, incidental to, or resulting from the Voyage and/or Incident;

d. Order that said notice as required by Supplemental Rule F(4) shall be published in *Inside Business*, a newspaper within this District; once each week for four (4) consecutive weeks before the return date of the notice;

e. Adjudge and decree in this proceeding that the Limitation Plaintiffs and the Vessel are not liable in any manner or to any extent for any claim or damage whatsoever from or on account of, or in connection with, or incidental to the matters, Voyage and Incident aforesaid; or if the Court shall adjudge that the Limitation Plaintiffs and the Vessel are liable for all or any part of said claims or demands, then Order that the liability of the Limitation Plaintiffs be limited to the value of his interest in the Vessel as of the conclusion of the Voyage, and that the monies paid or secured to be paid as aforesaid be divided pro rata among the claims filed as provided by law, and that the Limitation Plaintiffs and the Vessel be discharged from all further liability; and

f. If Limitation Plaintiffs shall be found liable, a declaration that Limitation Plaintiffs shall be indemnified by the party or parties, currently known or unknown, who are

        either wholly or primarily responsible for any alleged injuries or damages arising out of the incident;

g.    Declare that all persons, firms, or corporations who fail to file a claim in this proceeding are in default and are forever barred from making any claim for such loss, damage, injury or expense in this proceeding, or in any other proceeding related to the incident or the alleged acts or omissions of Limitation Plaintiffs; and

h.    Enter such other Orders as will give to the Limitation Plaintiffs and the Vessel such other and further relief as may be just and proper in the premises.

This the 14th day of May, 2019.

        THEODORE L. HUFFAR and CAROL A. MANN

        By: /s/ Jeremy Hopkins_____
                Of Counsel
Jeremy Hopkins
VSB No. 48394
Cranfill, Sumner & Hartzog, LLP
5420 Wade Park Blvd, Suite 300
Raleigh, North Carolina 27607
(919) 828-5100
(919) 863-3528 Fax
jhopkins@cshlaw.com

        AND

Jason R. Harris
Cranfill, Sumner & Hartzog, LLP
319 N. 3rd Street, Suite 300
Wilmington, NC 28401
(910) 777-6000
(910) 777-6142 Fax
jharris@cshlaw.com
Application for *Pro Hac Vice* admission pending

*ATTORNEYS FOR LIMITATION PLAINTIFFS*

STATE OF _VIRGINA_

COUNTY OF _Gloucester_

**VERIFICATION**

I, THEODORE L. HUFFAR, the Plaintiff herein, do hereby declare, under oath, that I have read the foregoing Complaint, and the same is true of my own knowledge, except to those matters and things stated upon information and belief and as to these things, I believe them to be true.

_____
THEODORE L. HUFFAR

SWORN TO AND SUBSCRIBED before me this the _11_ day of _May_, 2019.

_Janelle Clayborne_
Notary Public
My Commission Expires: _Nov. 30 2022_

JANELLE CLAYBORNE
Notary Public
Commonwealth of Virginia
My Commission Expires Nov. 30, 2022
Commission ID# 7795246

---

STATE OF _VIRGINIA_

COUNTY OF _Gloucester_

**VERIFICATION**

I, CAROL A. MANN, the Plaintiff herein, do hereby declare, under oath, that I have read the foregoing Complaint, and the same is true of my own knowledge, except to those matters and things stated upon information and belief and as to these things, I believe them to be true.

_____
CAROL A. MANN

SWORN TO AND SUBSCRIBED before me this the _11_ day of _May_, 2019.

_Janelle Clayborne_
Notary Public
My Commission Expires: _Nov. 30 2022_

JANELLE CLAYBORNE
Notary Public
Commonwealth of Virginia
My Commission Expires Nov. 30, 2022
Commission ID# 7795246

9